McCAULEY v. SMITH et al.

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

1. MASTER AND SERVANT—PERSONAL INJURY—NEGLIGENCE.

   The trapdoors over the hoistway in defendant's warehouse were so constructed that they had to be opened in order to open the street door. On a dark morning before sunup, defendant's porter, being sent upstairs to prepare for work, raised the trapdoor to open the street door, whereupon plaintiff's intestate, an employe, walked into the hoistway and was killed. The hoistway was not in actual use at the time, and was not provided with a railing. *Held*, that it was for the jury to say if the hoistway was protected as required by Laws 1887, c. 566, providing that such opening shall be protected by a substantial railing, or with good and sufficient trapdoors, such railing and trapdoors to be kept closed at all times except when in actual use.

2. SAME—RULE AS TO SERVANT'S NEGLIGENCE.

   Where a servant suffers injury through the master's negligence, the general rule is that the servant's negligence is a question for the jury.

Appeal from circuit court, Kings county.

Action by Elizabeth McCauley, as administratrix of the goods, chattels, and credits of William McCauley, deceased, against Abram S. Smith and Edmund D. Robinson. From a judgment dismissing the complaint, the exceptions being ordered to be heard in the first instance at general term, plaintiff appeals. Exceptions sustained.

Argued before BARNARD, P. J., and DYKMAN, J.

*Chas. J. Patterson*, for appellant. *Hubbard & Rushmore* and *John D. Pray*, for respondents.

BARNARD, P. J. The defendants keep a storage warehouse in New York city under the arches of the New York and Brooklyn bridge. The plaintiff's intestate was an employe of the defendants, and on the 7th of January, 1891, fell into an open hoistway on the premises of the defendants, and was killed. The deceased had been employed the night before, and had left his overalls on a pile of wool in the building. In the morning the defendant's porter, after his arrival to go to work, was told to go upstairs to be undressed ready for work. The porter then went to open the doors. The hoistway in question is near these (rear) doors, and the trapdoors which cover the hoistway are so made that, when closed, they prevent doors from opening. The porter lifted the trapdoors one half at a time. The wool was on the half which was not raised. The overalls were on the pile of wool standing on the

part of the hatch not lifted. At this stage of the proceedings, the deceased fell through the opening. It was a dark morning, and there was no gaslight near the hole. There was no railing around it. A case was made to go to the jury. The master was bound by law (chapter 566, Laws 1887) to protect the opening by a substantial railing, or with good and sufficient trapdoors, such railing and trapdoors to be kept closed at all times except when in actual use. The employe had the right to assume that the master had done his duty, and it is subject to the performance of the master's duty that the employe assumes the risks of the employment. The hoistway was not in actual use, but was opened only to permit the doors of the building to be opened. Presumably, on the night before, there was no appearance of danger. It was for the jury to say if the protection required by the statute was given. The question of the negligence of the deceased was one 'for the jury, if the master was guilty of negligence which caused the accident. This is the general rule, unless the evidence is very plain. In this case there was evidence from which a jury could find the deceased to have been free from all lack of care and prudence in protecting himself from injury. The exceptions should be sustained, and a new trial granted, costs to abide event.